Howell, Judge,
delivered the opinion of the court:
This suit arises under the Contract Settlement Act of 1944 (41 U. S. C. A. § 101 et seg.). The facts have been set out in detail in our findings and will be referred to herein only to-the extent necessary to make clear our conclusions.
Plaintiff sues to recover the value of certain “distribution, services” rendered in connection with ten prime contracts-entered into with the Department of the Navy for the furnishing of certain machine tools and for legal and clerical expenses.
Defendant contends that the suit actually involves the loss, of profits or commissions which plaintiff would have earned had the contracts not been terminated for the convenience of" the Government pursuant to the provisions of the Contract, Settlement Act.
Plaintiff is and has been for many years a distributor of' machine tools. Between March 27, 1945, and July 31, 1945,. he entered into ten contracts with the United States through the Department of the Navy. These contracts are more; fully described in our Finding 2.
*277 The machine tools covered by these contracts were essentially stock items manufactured by machine tool companies: which suggested selling prices for their tools. These- suggested selling prices or list prices were the prices quoted by plaintiff and included as the contract price in each of the-negotiated contracts above described.
Plaintiff’s compensation or profit was contemplated to be-the difference between the list prices and the distributor’s-cost less allocable expenses. Such compensation was to be-received by him upon delivery of the tools by the manufacturer f. o. b. point of manufacture, shipment to be made on Government bills of lading.
In accordance with the terms of the contracts, plaintiff did actually place purchase orders with the various manufacturers which plaintiff represented at prices listed in the table-found- in our Finding 4. The total amount of plaintiff’s-compensation, which he would have earned upon delivery of the contract items, was $23,968.72.
Plaintiff says that his work consisted of two phases: first,, the actual placing of the subcontracts and, second, the mailing of invoices to the defendant after the contract items of machinery had been delivered to the Government. Because plaintiff had actually placed purchase orders for all of the machinery and had only to mail out the invoices in order to complete his contract, he claims that he is entitled to approximately 90 percent of the total amount of compensation which he would have been paid but for the termination of the contracts, or $20,525.28.
It appears from the testimony that plaintiff’s services did consist of placing the subcontracts which involved the checking of specifications, production schedules, priorities and the expediting of deliveries, and that these were the only services performed by him. Plaintiff, in fact, admits now as he did before the contracting officer in charge of the termination settlement, that the only work done consisted of placing the orders with the subcontractors.
Plaintiff incurred some expense in presenting his claim to the Department of the Navy, but there is no satisfactory proof of the amount. In his termination claim under the Contract Settlement Act of 1944, plaintiff claimed the sum *278 of $3,487.45 as general and administrative expenses, bnt failed to furnish, information to the Department in substantiation of the claim. In the trial of this case plaintiff contended, but did' not offer any satisfactory proof, that he had incurred expense of $500 in presenting his claim to the Navy Department. In connection with the claim presented to the Department, plaintiff did not include any amount for legal services. However, the contracting officer voluntarily offered to pay $100 for legal services and the sum of $73.82 for telephone calls, travel expenses, etc., in connection with such .services and, in addition, settlement costs of $15, making a total of $188.82. Such allowances were to be paid upon receipt of a duly certified invoice from plaintiff as required by .Joint Termination Regulation No. 758 (Finding 11). Plaintiff, however, failed to furnish such invoice.
The contracting officer in charge of the termination settlement denied plaintiff’s claim for additional compensation on the principal ground that the contracts covered furnishing and delivering certain machine tools and that payment had been made to the full extent of performance by plaintiff. Further, the claim covered solely the loss of anticipated profits, the payment of which was contrary to the terms of .the contracts and the Contract Settlement Act of 1944.
There is no contention made by plaintiff that the contracting officer acted arbitrarily, and there is no evidence that an .appeal was ever taken from these findings.
Plaintiff’s contracts all contained Section 18, the Uniform Termination Article for Fixed Price Supply Contracts, as well as Section 14 relating to Disputes (Finding 5).
Pursuant to the termination provisions, defendant duly notified plaintiff that termination for the convenience of the Government was to be had as to all machine tools covered by the contracts except as to those already delivered by the plaintiff.
Tools of a contract value of $5,166.86 had been delivered before termination, and plaintiff has been paid this sum including the sum of $1,527.02 in the nature of compensation which is the difference between the manufacturer’s subcontract price (plaintiff’s cost) and the contract price.
*279 All work which had been performed by plaintiff’s subcontractors on the contracts prior to termination has been paid for by the defendant directly to the subcontractors.
In the, light of the contract provisions and the whole record before us, we find no substance in plaintiff’s claim. Plaintiff’s compensation, whether it be called anticipated profit or pay for “distribution services,” was contingent upon the delivery of machine tools to the defendant.[1] The amount thereof was expressly set out in each of the ten contracts and there is no question of quantum meruit involved in the determination of the value of plaintiff’s services. The mere fact that plaintiff had located the tools and subcontracted for their delivery did not render his right to receive full compensation absolute. The contracts were all subject to termination by their very terms and this termination was accomplished in a fair, orderly, legal manner in accordance with those terms, the provisions of appropriate contract termination laws (Section 18, supra) and the regulations duly issued thereunder (Findings 11,12, and 13).
No claim is made that the Government was not acting within its rights when it invoked the termination provisions of the contracts, nor that such termination was accomplished in an arbitrary or unreasonable manner. The plaintiff did not appeal from the findings of the contract termination officer, and we find his actions in denying plaintiff’s, claim and his reasons therefor to be reasonable.
The plaintiff has been paid’ all the compensation to which he is legally entitled and, therefore, his claim must be denied.
Contractors are entitled to such items as expenses incidental to the determination of the amount due him as a result of the termination of work under his contract (Sec. 18 (d) (3) Uniform Termination Article, Finding 5). Plaintiff, however, has failed to prove the amount of any such expense incurred by him either before the contracting officer, who invited such proof, or before this court. In the absence of any such satisfactory proof, we are bound to deny plaintiff’s request for the sum of $500 for clerical and other expenses.
*280 The claim for $2,400 representing legal services arises from an agreement which plaintiff had with his counsel under which this sum was to be paid upon satisfactory settlement of plaintiff’s claim under the contracts involved in this suit contingent upon plaintiff’s recovery in this court. In our previous decisions relating to the matter of attorney’s fees in contract settlement cases (Piggly Wiggly Corporation v. United States, 112 C. Cls. 391; Richard M. Edelman et al. v. United States, 117 C. Cls. 400) we held that such fees incurred after final determination has been made by the terminating agency are not allowable under the statute. (Contract Settlement Act of 1944, 41 U. S. C. A. § 106 (d) (3)).
In the absence of any express statutory provision allowing attorney’s fees in suits against the United States we must deny plaintiff’s claim for such fees.
Plaintiff is not entitled to recover and, accordingly, his suit is hereby dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 Section 1. Scope of Contract: “The Contractor shall furnish and deliver all the articles and perform all the services as set forth in the attached Schedule, for the prices stated therein. * *